RECEIVED
JUN 0 7 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| RODNEY RICHARDSON | CIVIL ACTION NO. 06-539-P |
| VERSUS | JUDGE STAGG |
| STATE OF LOUISIANA | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Rodney Richardson, pursuant to 28 U.S.C. § 2241. Petitioner challenges his current detention. He names the State of Louisiana as respondent.

Petitioner filed an IFP application. The Court then sent Petitioner a Memorandum Order granting his application to proceed in forma pauperis. However, that Memorandum Order was returned to this Court on April 20, 2006, by the United States Postal Service marked "GONE." To date, Petitioner has not informed this Court of his new address.

All parties have the responsibility of promptly reporting to the court and to all other parties any change in their mailing address. Failure to do so shall be considered cause for

---

[1]This decision is not intended for commercial print or electronic publication.

dismissal for failure to prosecute. See ULLR 41.3W.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir.

1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 7th day of June 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE